VILATH XAYASOMLOTH

NAME
T-76900

PRISON NUMBER
IRONWOOD STATE PRISON
P.O. BOX 2199 (C2-249L)

CURRENT ADDRESS OR PLACE OF CONFINEMENT
BLYTHE, CA 92226

CITY, STATE, ZIP CODE

2254 ✓ 1983
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓ ProSe ___

FILED
2008 FEB 11 PM 4:32
CLERK, US DISTRICT COURT, SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

ORIGINAL

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Vilath Xayasomloth,
(FULL NAME OF PETITIONER)

PETITIONER

v.

D. Dexter, warden,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

The Attorney General of the State of California, Additional Respondent.

Civil No. '08 CV 0260 BEN AJB
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

## PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: San Diego Superior court
2. Date of judgment of conviction: July 30, 2002
3. Trial court case number of the judgment of conviction being challenged: SCD161852
4. Length of sentence: 30 years to life



CR

5. Sentence start date and projected release date: ______

6. Offense(s) for which you were convicted or pleaded guilty (all counts): second degree murder PC§187, PC §186.22;

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☒
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the California Court of Appeal?
    ☒ Yes ☐ No

11. If you appealed in the California Court of Appeal, answer the following:
    (a) Result: Denied
    (b) Date of result, case number and citation, if known: Feb 15, 2005; D041350; D041352
    (c) Grounds raised on direct appeal: Murder conviction must be vacated; insufficient evidence of aiding and abetting; trial court erred in admitting various evidence; trial court erred in failing to five lesser included offense; error in imposing a consecutive 186 sentence...

12. If you sought further direct review of the decision on appeal by the California Supreme Court (e.g., a Petition for Review), please answer the following:
    (a) Result: Petition for review denied
    (b) Date of result, case number and citation, if known: June 8. 2005 S132469
    (c) Grounds raised: second degree conviction violate merger doctrine; error in failing to give lesser included offense; insufficiency of evidence; caljic 2.90 is con- stitutionally deficient

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition:

(a) Result: no

(b) Date of result, case number and citation, if known:

(c) Grounds raised: N/A

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

(a) **California Superior Court** Case Number: San Diego County

(b) Nature of proceeding: habeas

(c) Grounds raised: 1. ineffective assistance of counsel 2. prosecutorial misconduct; second degree murder must be vacated People v. Ireland and claims 3-7 on direct appeal

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

(e) Result: denied

(f) Date of result: June 26, 2006

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

(a) **California Court of Appeal** Case Number: D049976

(b) Nature of proceeding: habeas

(c) Grounds raised: 1. ineffective assistance of trial counsel prosecutorial misconduct...

(d) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes ☒ No

(e) Result: Denied

(f) Date of result: April 3, 2007

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Supreme Court**?

☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

(a) **California Supreme Court** Case Number: S154303

(b) Nature of proceeding: Habeas

(c) Grounds raised: 1. ineffective assistance of trial counsel
2 ineffective assistance of trial counsel

(d) Did you receive an evidentiary hearing on your petition, application or motion?

☐ Yes ☒ No

(e) Result: denied enbanc

(f) Date of result: Jan 3, 2008

**20.** If you did ***not*** file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the California Supreme Court, containing the grounds raised in this federal Petition, explain briefly why you did not:

Petitioner maintains that the state's highest court has reached a decision based on all of his issues any further review in the California court would result in denial based on current case rule.

## COLLATERAL REVIEW IN FEDERAL COURT

**21.** Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☒ Yes ☐ No (IF "YES" SKIP TO #22)

(a) If no, in what federal court was the prior action filed? ______

(i) What was the prior case number? ______

(ii) Was the prior action (CHECK ONE):
☐ Denied on the merits?
☐ Dismissed for procedural reasons?

(iii) Date of decision: ______

(b) Were any of the issues in this current petition also raised in the prior federal petition?
☐ Yes ☐ No

(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition?
☐ Yes ☐ No

---

CAUTION:

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present ***all*** other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

---

## GROUNDS FOR RELIEF

22. State *concisely* every ground on which you claim that you are being held in violation of the constitution, law or treaties of the United States. Summarize *briefly* the facts supporting each ground. If necessary, you may attach pages stating additional grounds and/or facts supporting each ground.

(a) **GROUND ONE**: SEE PAGE 1 ATTACHED

Supporting FACTS (state *briefly* without citing cases or law)

SEE PAGE 1 ATTACHED

Did you raise GROUND ONE in the California Supreme Court?

☒ Yes ☐ No.

(b) **GROUND TWO**: SEE PAGE 4 ATTACHED

**Supporting FACTS** (state *briefly* without citing cases or law):
SEE PAGE 4 ATTACHED

**Did you raise GROUND TWO in the California Supreme Court?**
☒ Yes ☐ No.

(c) **GROUND THREE**: SEE PAGE 6 ATTACHED

Supporting FACTS (state *briefly* without citing cases or law):

SEE PAGE 6 ATTACHED

**Did you raise GROUND THREE in the California Supreme Court?**

☒ Yes ☐ No.

(d) **GROUND FOUR**: SEE PAGE 8 ATTACHED

Supporting FACTS (state *briefly* without citing cases or law): SEE PAGE 8 ATTACHED

**Did you raise GROUND FOUR in the California Supreme Court?**

☒ Yes ☐ No.

(d) GROUND Five: SEE PAGE 11 ATTACHED

Supporting FACTS (state *briefly* without citing cases or law):

SEE PAGE 11 ATTACHED

Did you raise GROUND FIVE in the California Supreme Court?

☒ Yes ☐ No.

(d) GROUND SIX : SEE PAGE 12 ATTACHED

Supporting FACTS (state *briefly* without citing cases or law):
SEE PAG 12 ATTACHED

Did you raise GROUND SIX in the California Supreme Court?

☒ Yes ☐ No.

(d) GROUND SEVEN SEE PAGE 13 ATTACHED

Supporting FACTS (state *briefly* without citing cases or law): SEE PAGE 13 ATTACHED

Did you raise GROUND SEVEN in the California Supreme Court?

☒ Yes ☐ No.

(d) GROUND EIGHT SEE PAGE 19 ATTACHED

Supporting **FACTS** (state *briefly* without citing cases or law): SEE PAGE 19 ATTACHED

Did you raise GROUND EIGHT in the California Supreme Court?

☒ Yes ☐ No.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☐ Yes ☒ No

24. If your answer to #23 is "Yes," give the following information:
(a) Name of Court: ______
(b) Case Number: N/a
(c) Date action filed: ______
(d) Nature of proceeding: ______
(e) Grounds raised: ______ N/a
(f) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:
(a) At preliminary hearing: ______
(b) At arraignment and plea: ______
(c) At trial: Mary Knockeart Deputy Alternate Public defender. 8525 Gibbs Dr. Ste. 201 SD CA 92123
(d) At sentencing: ″
(e) On appeal: John Lanahan 1202 Kettner Blvd. Ste 4300 SD CA 92101
(f) In any post-conviction proceeding: ______
(g) On appeal from any adverse ruling in a post-conviction proceeding: ______

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No

(a) If so, give name and location of court that imposed sentence to be served in the future:
n/a

(b) Give date and length of the future sentence:
n/a

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
☐ Yes ☒ No

28. Date you are mailing (or handing to a correctional officer) this Petition to this court:
Jan 28, 2008

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1-28-08
(DATE)

Vilath L. Kaysomlath
SIGNATURE OF PETITIONER

I.

WHETHER THE NATURAL AND PROBABLE CONSEQUENCE DOCTRINE IN SUPPORT OF PETITIONER'S SECOND DEGREE MURDER CONVICTION VIOLATE DUE PROCESS & EQUAL PROTECTION SINCE IT SHIFTS THE BURDEN ON THE DEFENDANT TO PROVE HIS INNOCENCE.

Petitioner suffers a conviction of murder pursuant to the Cal Penal Code 187, which normally requires a finding of "malice aforethought" However, in its hybrid scheme the prosecutions murder conviction is based on overlapping theories which shifts the burden on the defendant to prove his innocence.

The prosecution maintains that:

1. Petitioner aided & abetted the murder of "Mr Getty"
2. Petitioner's actions were the result of the natural and probable consequences of a "target" offense.
3. The "target" offense was that Petitioner committed assault by means of force likely to produce great bodily injury.

In a lenial sense; Assault + Natural & Probable + Murder= Aiding & abetting the latter. There is a nexus between the natural & probable consequence and the murder for without which the conviction or criminal liability does not exist.

On the night of the murder, both petitioner and the "Mr. Getty" were attending a birthday party at a residence in San Diego California. Petitioner had exited the party and was standing outside the residence. Mr. Getty, prior to exiting the party, removed an "extremely large" kitchen knife which he maintained in his possession. After exiting, Mr. Getty walked over to P

Petitioner and attempted to shake his hand. At this time Petitioner hit Mr Getty with his fist which cause him to fall to the ground. Mr. Getty immediately got up and was chased down the street by others who committed the act(s) of assault by means of force likely to produce great bodily injury. Mr. Getty was kicked, beaten, and stabbed upwards of 10 times. Mr. Getty was taken to a local hospital where unfortunately he succumbed. The prosecution maintained that the hit by petitioner, was a "sucker" punch and the "sucker" punch was the initial act which began a process with the specific intent that Mr. Getty would be murdered.

Since Petitioner was not charged with conspiracy the prosecution's theory could not be based on intent but, that petitioner should have known that his "sucker" punch wold lead to the Mr. Getty being murdered.

"Natural and probable consequence" theory in this particular situation implys that petitioenr was aware of what would happen in a lenial sense. The facts without more, support that Mr. Getty died but there IS no evidence which support petitioner having knowledge of a pass incident where:

1. Directly after he hit someone, others would began beating them.

2. The beating resulted in the person getting stabbed.

3. the victim died as a result.

Unless Petitioner produces evidence that he was without knowledge of the "natural and probable consequences" he stand convicted. For instance, if having sex was illegal, simply because a women

is found to be pregnant does not mean that her pregnancy was the result of the natural and probable consequences of her having sex. Conversely, based on the natural and probable consequence theory in order for her to not be found guilty of this crime she would be forced to produce evidence that her pregnancy was the result of the various other ways a woman can become pregnant without having sex. Once she shows that the preganancy was the result of invitro, insemination, or other none sex manner or that her hyman was still in place, this would support a not guilty finding.

Due process and equal protection guaranteed by the US Const. says that defendants are innocent until proven guilty, therefore, the burden is upon the prosecution to prove us guilty, not that we have to prove our innocence.

The building blocks of natural progression of any action is lenial: thought, decision, action, completion. The lenial theory of this conviction does not comport with common sense because it manipulates the blocks by isolating the murder and labeling the initial assault "punch" as causing great bodily injury. This theory does not account for acts which are the independent product of the principals own mind, which may differ from and are outside his intent; the act cannot proceed the mental state.

"Further" is forward, in order to believe that the natural consequences was the result of the "sucker" punch one would have to believe the "target"crim was murder not assault. Or that the natural consequence of ALL "sucker" punches is death.

If this "natural and probably consequences" theory were to ring true, the people at the party who provided alcohol are like-wise guilty of murder, yet to petitioner's knowledge none were

charged with a crime.

Simply put, the natural and probable consequence theory Is a burden shifter:

1. Anybody who confesses to starting a gang would be guilty for all crimes committed by the gang members,

2. Gun manufacturers would be guilty for any criminal act facilitated with their guns.

3. Tobacco manufacturers would be guilty of murder each time someone died as a result of smoking.

Defendants do not have to prove their innocence.

II.

WHETHER A SECOND DEGREE MURDER CONVICTION VIOLATE DUE PROCESS AND EQUAL PROTECTION WHEN IT IS BASED ON AIDING & ABETTING THE NATURAL AND PROBABLE CONSEQUENCE OF THE ACT WITHOUT A JURY FINDING THAT THE PRINCIPAL(S) ACTIONS WERE CRIMINAL.

Petitioner suffers from a second degree murder conviction based on him aiding & abetting the natural and probable consequences of the act without a jury finding that the principal(s) action(s) were criminal. The principal(s)' identification were never identified thus there was no trial where a jury reached a criminal finding regarding their actions (whether it was murder or self defense) This is necessary to determine petitioner's culpability, otherwise his actions are limited to assault and battery without the intent since the intent to commit great bodily injury is based upon the premise of "Mr Getty" subsequent stabbing.

California's highest court to review the issue has reached the conclusion that this is not contrary to clearly established federal law since it believes that any person who aids and abets the commi mission of a crime is as well the principal in the case, Ironically it is somehow proper to try petitioner by placing him both in the principals and the aiding and abetting seat.

Such actions violate due process and equal protection because unlike the building blocks of aiding and abetting a murder based on the natural and probable consequences, the principal would be defending himself from a murder which requires a greater degree of proof, "Malice aforethough."

The power vested in the California or any court does not allow it to simply review the record and reach a conclusion that the principal(s) if tried, by a jury, would sufficiently be found guilty of the murder; such a determination would lie solely with the jury chosen by the principal, Otherwise, it would likewise be possible to say that the principal(s)' actions were the result of self defense, Caljic 5.50 states in part,

" A person threatened with an attack that justifies the exercise of the right of self-defense need not retreat...this law applies even though the assaileed person might more easily have gained safety by flight or by withdrawing from the scene."

Mr. Getty stole an "extremely large" kitchen knife from the party, it would be fair to say that he had a specific intent for the knife which did not include eating his meal. Although testimony indicated that the knife was discarged, it is not clear if anyone other than the person testifying kenw Mr. Getty no longer maintained possession of the knife. Therefore, it is possible there was a belief by the principal (s) that Mr. Getty was still

armed with the knife when he approached. Such a belief would constitute a less than murder finding. The principals of due process and equal protection limits petitioner's cupability with respect to the aiding and abetting to the acts of the principal(s) equal to or less than, but never greater than.

An unlawfull killing may constitute manslaughter ranther than murder even in the presence of intent to kill or conscious disregard for life.

Even now, since there is no ststues of limitations on murder if, the principal(s) were to be tried and found guilty of a degree lesser than murder this would result in petitioner having received a greater sentence with more culpability than allowed as an aider and abetter.

Furthermore, because accompliance liability is "derivative" the mental state of the principal(s) is required and the prosecution must show that the defendant acted with knowledge of the criminal purpose of the principal. Simply put without the actual principal (s) and a criminal finding by a jury, the conviction cannot stand.

III.

WHETHER A MURDER CONVICTION BASED ON A THEORY THAT THE VICTIM WAS ASSAULTED BY MEANS OF FORCE LIKELY TO PRODUCE GREAT BODILY INJURY VIOLATE DUE PROCESS AND EQUAL PROTECTION ABSENT A JURY FINDING ON THE ASSAULT.

A conviction which instructs the jury on a non existent legal theory of felony murder during the crime of assault by means of force likely to produce GBI is a "Structural" defect requiring an automatic reversal. An example of a structural defect is when

a jury is instructed in a way that allows proof of an element of a crime [murder] on a standard less demanding than beyond a reasonable doubt. Petitioner's murder conviction is based on the premise that his actions, which was alleged to, amount to assault by means of force likely to produce great bodily injury resulting in the natural and probable consequence of murder. Thus although he did not commit the ultimate act he was believed to aid and abt the murder. In petitioner's case the structural defect occurred as a result of the jury's finding of guilty on the murder with no verdict being rendered on the assault by means of force likely to produce great bodily injury.

Due process and equal protection dictate that if the verdict is not guilty on the assault and it is the "target" offense then it simply can not support the murder. It is not possible to imply or assume that a guilty finding on one is a guilty finding on all.

Without a jury finding on the assault it lowers the burden of proof. Petitioner believes he has to be found guilty of the assault in order for the jury to consider the murder.

In cases where one of the elements of the offense charged remains in doubt, but the defendant is plainly guilty of some offense, the juy is likely to resolve its doubts in favor of conviction. The jury lilely believed that petitioner was not guilty of the murder but that he was guilty of some form of assault. Nontheless, since their deliberation was limited to a finding of murder it had no choice but to convict petitioner. If Petitioner is entitled to a finding on the assault then respectfully the conviction must be reversed.

IV.

WHETHER THE CONVICTION FOR SECOND DEGREE MURDER VIOLATE DUE PROCESS AND EQUAL PROTECTION WHEN THE EVIDENCE IS INSUFFICIENT TO SUPPORT THE CONVICTION

Fundamental fairness required by the due process of the US Const. requires the prosecution to prove beyond a reasonable doubt every element of the offense. What the fact finder must determine to review a verdict of guilty is prescribed as the prosecution bearing the burden of proving all elements of the offense charged and must persuade the fact finder beyond a rea-conable doubt of the facts necessary to establish each of those elements. In the instant matter Petitioner's only role was to defend his cO-defendant who was inebriated and himself from Mr. Getty who had exited the party after them and was observed exiting with and "extremely large" kitchen knife. Mr. Getty did no bring the knife to the party, obviously he had some reason for having it in his possession as he exited. When it is understood that Mr. Getty was a stranger to petitioner and his co-defendant it is reasonable to believe that his attempt to shake petitioner's hand was a ruse to get within striking distance to commit harm. Cal Jic 5.32 USe of force in defense of another,

"It is lawful for a person who, as a reasonable person has grounds for believing and does believe that bodily injury is about to be inflicted upon a person to protec that individual from attack. In doing so may use all force and means which that person believes to be reasonably necessary and which would appear

to a reasonable person in the same or similar circumstances to be necessary to prevent the injury which appears to be imminent."

IN the instant case the prosecution labeled petitioner as a gang member and introduced a gang expert who testified about the modus-operandi of the gang which set a baseline and defined what was reasonable in their mind. However, when it came down to deliberations it requested the jury to base the instructions on the reasonableness of a non gang member.

For instance if Mr. Getty had been in possession of an "extremely large" kitchen knife and the police had arrived with guns drawn, it would have been "reasonable necessary" for them to if they had shot him; it happens all the time, even in cases where no weapon is observed. All is needed is a belief; based on their imminent danger. It would be fair to say that there is a difference between the two, a non police/gang member's reasonableness could support that if a guy approached with his hands outreached in a manner for a shake he would harbor no ill intent since they would not be expecting such a ruse which ultimately result in harm.

It is reasonable to believe that the unknown Mr. Getty posed an immanent threat to petitioner after he had been seen with an "extremely large" kitchen knife of which he had stolen from the residence, even if there was testimony that the knife had been taken from him by another and tossed to the ground.

Caljic 5.50 Self defense states in part,

"...Us of all force and means which would appear to be necessary to a reasonable person in a [s]imilar situation

and with [s]imilar knowledge: and mav pursue the assailant until he has secured himself from the danger...this law applies even though the assailed person might more easilv have gained safetv bv flight or by withdrawing from th scene."

Caliic 5.51 Self Defense states in part.

"actual danger is not necessarv to justify self defense. If one is confronted bv the appearance of danger which aroses in [H]is mind, as a reasonable person, an actual belief and fear that he is about to suffer bodilv injurv- reasonable person in a like situation, seeing and knowing the same facts would believe himself in like danger- from fear and actual belief..."

If we are to believe that petitioenr is a gang member it is not what the (non gang member) jurors reasonableness it is petitioner' mind, it is petitioner's bleief it the reasonableness in a like situation seeing and knowing the same facts would believe himself in like danger...

When the sufficiency of the evidence is challenged the reviewing court must review the whole record in the light most favorable to the judgement to determine whether it contains substantial evidence, evidence that is credible and of solid value from which a rational trier of fact cold have found the defendant guiltv bevond a reasonable doubt and judge whether the evidence of each of the essential elements is substantial it is not enough for the respondent simplv to point to some evidence supporting the finding, for not everv surface conflict of evidence remains

substantial in light of other facts.

It is a fact that Mr. Getty is deceased but, Petitioner's actions based on the facts of the instanct case do not support him being guilty of second degree murder. Respectfully, the conviction must be reversed.

V.

WHETHER A SECOND DEGREE MURDER CONVICTION OBTAINED WITHOUT A FINDING BASED ON A BEYOND A REASONABLE DOUBT STANDARD VIOLATE DUE PROCESS & EQUAL PROTECTION

Petitioner suffers from a second degree murder conviction without a finding based on a beyond a reasonable doubt standard.

Federal due process and equal protection requires that a jury's finding upon a conviction be based on beyond a reasonable doubt. This action must be clear and can not be implied or inferred by the jury or from the verdict it ultametly reaches otherwise it reduces the findings to the preponderance standards.

In the instant, the jury was given specific instructions Caljic: 8.10; 8.11; 8.30; and 8.31. The only action required by the jury from these instructions is that the elements must be proved, but none instructs that their findings must be based on a beyond a reasonable doubt standard. Without a specific beyond a reasonable doubt standard it allowed the jury to reduce it findings to the preponderance of evidence. When the trier of fact is allowed to reach its findings based on preponderance it requires the defendant to introduce evidence which refutes that which is introduced by the state. Currently this is not acceptable because it violates the principals of due process and equal pro-

tection which dictates innocent until proven guilty.

In cases where the court instruct a jury on reasonable doubt without specific instructions as to its application to the guilty finding it does not comport to due process and equal protection especially when as in the instant case we find that Caljic 3.02 requires beyon a reasonable doubt guilty verdict yet, murder Caljic 8.10 identifies that malice is required but Caljic 8.11 waters Malice aforethough to not actual but "implied" and again moving quickly Caljic 8.30 sceond degree murder thats unpremediated and then Caljic 8.31 to no malice required.
Confusing as it is to petitioner, without the specific beyond a reasonable doubt determination, specifically on the second degree murder, the conviction is not reliable.

VI.

WHETHER A SCEOND DEGREE MURDER
CONVICTION WITHOUT A FINDING OF
"MALICE AFORETHOUGHT" VIOLATE DUE PROCESS &
EQUAL PROTECTION.

Petitioner suffers a conviction of murder pursuant to Cal Penal Code 187, which requires that every person who unlawfully kills a human being with "Malice aforethough" Cal penal code 187 specifically states,

"In order to prove this crime the following (three) elements must be proven:

1. A human being was killed

2. The killing was unlawful; and

3. The killing was done with malice aforethought.

Although malice may be expressed or implied the mental state must "precede" rather than follow the act (Caljic 8.11).

IN the instant case the jury rendered a verdict that was based on a theory which did not require "malice aforethought" in fact, the jury's finding was based on assault with the intent to commit great bodily injury, this requires a lower standard of finding than murder.

If murder pursuant to Cal penal code 187, requires all three elements to be proven as a requisite to murder and there was no finding of "Malice aforethought" then there can be no murder conviction. Therefore, any conviction which does not rise to the level of the requirement violates due process and equal protection guaranteed by the US Const. and relief must be granted.

VII.

WHETHER PETITIONEWR WAS DENIED
EFFECTIVE ASSISTANCE OF TRIAL COUNSEL
IN VIOLATION OF THE SIXTH AMENDMENT.

Petitioner stands wrongfully convicted of murder because he did not receive effective assistance of counsel. A defendant is entitled to effective assistance of counse.

In order to demonstrate ineffective assistance of counsel, a defendant must show counsel's performance was defficient because it fell below objective standard and there was a reasonable probability but for counsel's errors, the result of the proceeding would have been different.

Errors by trial counsel:

1. Trial counsel failed to challenge the fact that since the principal(s) had not been found and tried there was NO criminal finding with respect to petitioner's action to support the aiding and abetting theory. Such a theory is based on the premise that if the act(s) are criminal then so is petitioner's, however, if the principal(s) act amount to less than murder then Petitioner's liability is limited to aiding and abetting the less than. This is important because it would have reduced petitioner's sentence.

2. Trial counsel failed to raise the issue that the natural and probable consequence theor violate due process and equal protection because it shifts the burden on the defendant to prove he had no knowledge of the natural and probable consequence of his actions. Natural and probable requires the understand of forseeable consequences, thus defendants must prove the act was no forseeable, this is tantamount to proving that you are innocent

3. Trial counsel failed to raise the issue that a murder conviction without "malice aforethought" violate due process and equal protection. For a murder conviction to stand in California (Cal Penal Code 187) there is a requirement of malice aforethought with such malice aforethough there can be no murder conviction.

4. Trial counsel failed to raise the issue that a murder conviction without a finding based on beyond a reasonable doubt standard it violates due process and equal protection. Caljic 2.90 instructed the jury on how it was to reach its finding. This

instruction did not require that their findings be beyond a reasonable doubt. Without such requirement it allows the jury to low it standards to preponderance, such a conviction can not stand.

5. Trial counsel failed to raise the issue that the conviction without a finding on the assault violated due process and equal protection. The "target" offense was assault, as such, petitioner is only guilty as an aider and abettor on the murder if he is found guilty of the assault. It is not possible for the jury to find him guilty of the murder but find that his criminal liability on the assault is none. Simply being present on the scene and failing to stop the actions of others do not constitute him being guilty as an aider and abettor.

6. Trial counsel failed to request jury instructions on the following lesser and included offenses:

a. Voluntary manslaughter and

b. Involuntary manslaughter, both of which are amply supported in the instant case and does not require malice aforethough.

c. Assault by means of force likely to produce great bodily injury. The record supports that Mr. Getty was armed with an "extremely large" kitchen knife and approached petitioner with the ruse of shaking his hand and petitioenr hit him, afterwards he suffered an assault, thus the record did support the charge.

7. Trial counsel failed to ask the gang expert whether a murder had occurred as a result of the natrual and probable consequences based on the same set of circumstances. This was important because it would have refuted the belief that petitioner's

was with knowledge of what would be the natural and probable consequence of him striking Mr. Getty.

8. Trial counsel failed to ask the gang expert to explain how gang initations are conducted and if they involved the prospect being assaulted with great bodily injury and result in the natrual and probable consequence of death. This would have shown that gang initiations involve assault with great bodily injury wereas the prospective member does not die, this refutes the proseuctions theory that the natural and probable consequence of petitioner's hit would result in death.

9. Trial counsel failed to ask the "General" (Bak Ham Xaysana) whether he had been provided a plea agreement in lieu of his testimony. This is important because based on the theory of natural and probable consequence the "General" should have been a defendant; he admitted to starting the gang; the party was at his residence, he knew it would be full of gang members former or present, and there would be problems. It is not clear how the victim obtained the kitchen knife but it goes to the reliablility of his "quid pro quo" testimony and how it supported the prosecutions theory of the actions of gang menbers.

10. Trial counsel failed to ask "Khamla" (Khamla Xaysana) The "General's" sister whether she had been provided a plea agreement in lie of her testimony: The vistim, Mr. Getty, was her friend whom she had invited to the party well aware that it would be full of gang member, past or present, That the color RED

would be inflamatory. It is not clear whether her intent of inviting Mr. Getty to the party was specfically for him to be assaulted likewise how he obtained the kitchen knife and whether or not she believed that her providing the alcohol was the catalysis for everybody's actions. This is important because it goes towards the credibility of the witness as being bias.

11. Trial counsel failed to ask the "General" or his sister Khamala whether Mr. Getty was a gang member: This was important and goes towards him wearing the inflamatory "red" color at the party. also would explain why petitioner reasonably believed that Mr. Getty posed a threat when he approached seemly for a innocent hand shake with him having seen this as a ruse to attack instead.

12. Trial counsel failed to investigate the proposed testimony of the witness Johnny Sengsourinthone who was in jail on the night of the incident. His testimony prejudiced petitioner's culpability because it implied collusion between him and his co-defenant who offered the witness. Petitioner played no part in securing the witness therefore, trial counsel was obligated to authenticate the proposed testimony.

13. Trial counsel failed to request seperate trial. Petitioner's action were limited to those prior to the stabbing of Mr. Getty, this prevented him from calling his co-defendant to testify regarding the intent of his actions after petitioner hit Mr. Getty with respect to the natrual and probable consequences.

14. Trial counsel failed to put forth a self defense theory which the evidence amply supports: Mr. Getty was seen leaving the

party with an "extremely large" kitchen knife. Although there was testimony that the knife had been discarded none was given which support petitioner being aware of it being discarded, thus, it is reasonable to say petitioner was merely defending himself and others in the immediate area without regard for what would happen next. If Petitioner was standing outside the residence and Mr. Getty exited with the knife and was hit, since the knife was found approximately 190 feet from the house it is reasonable to assume that Mr. Getty was in possession of the knife when petitioner hit him and dropped it during the chase.

15. Trial counsel failed to ask the "General" whether his intent for having Mr. Getty at the party was for him to jump petitioner out of the gang: The prosecution's theory was that although petitioner had never been identified as a gang member because he was guilty by association, furthermore, his assoication was within the last three years and the only way one can become unassociated is through being "assaulted by means of force likely to produce great bodily injury" jumped out, therefore, Mr. Getty's approach upon petitioner could have been for the purpose of jumping petitioner out of association, this would justify his actions as being reasonable, furthermore, it would support the act(s) of others based on Mr. Getty not successfully completing the order.

16. Trial counsel allowed the prosecutor to introduce perjured testimony:

Prior to the trial, approximately two weeks, the prosecution witnesses told the prosecutor that they had seen Mr. Getty in possession of an "extremely large" kitchen knife on the night of the incident, yet the prosecution allow various persons to testify that Mr. Getty was not in possession. Trial counsel was suppose to ask for a continuance for DNA testing on the knife considering that there was no usable prints found on the weapon. This would have further supported the fact that Mr. Getty was no innocent victim.

VIII.

WHETHER A SENTENCE ENHANCEMENT BASED ON A PRIOR 1991 JUVENILE CASE VIOLATE DUE PROCESS AND EQUAL PROTECTION

Petitioner's instance sentence was doubled as a result of a 1991 juvenile arrest which the state has identified as a criminal conviction. Petitioner maintains that this violates due process and equal protection because he never suffered a conviction as required by the US Const: trial by jury, therefore, he suffered no conviction. Furthermore, a juvenile arrest does not support a conviction because it IS NOT a criminal proceeding.

The sole purpose of a juvenile proceeding is to remove the juvenile from the custody of the parent (parental rights) so that the state can legally retain custody, otherwise this is not necessary for juveniles who are found fit and tried as an adult. This is why there is no right to a trial by a jury or for a defense such as deminished capacity which would lessen culpability on the offense.

However, thus far the states highest court has stedfast maintained that their use constitutes a prior ripe for enhancement purposes.

Based on the above the 1991 juvenile arrest is not a prior conviction and relief must be granted.

///

///

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF

( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, Vilath L. Xayasomloth DECLARE UNDER THE PENALTY OF PERJURY THAT: I AM THE Petitioner IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 28th DAY OF January, 2008, AT Ironwood STATE PRISON, Blythe, CALIFORNIA 92226

(SIGNATURE) Vilath L. Xayasomloth
(DECLARANT/PRISONER)

---

# PROOF OF SERVICE BY MAIL

(C.C.P. SEC. 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, Vilath L. Xayasom6th, AM A RESIDENT OF IRONWOOD STATE PRISON, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA; I AM OVER THE AGE OF 18 YEARS OF AGE AND AM A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 2199 BLYTHE, CALIFORNIA 92226

ON Jan. 28, 2008 I SERVED THE FOREGOING:

Petition for Writ of Habeas Corpus

(SET FORTH EXACT TITLE OF DOCUMENT/S SERVED)

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT Ironwood STATE PRISON, Blythe, CALIFORNIA 92226

Department of Justice office
Of the Attorney General
110 west A Street, ste. 1100
San Diego, CA. 92101

Clerk, U.S. District Court
880 Front Street. ste. 4290
San Diego, CA. 92101-8900

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 1-28 08 Vilath L. Xayasomloth
(DECLARANT/PRISONER)

Form: d.

JS44

(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254 ✓ 1983
FILING FEE PAID
Yes ____ No ✓
IFP MOTION FILED
Yes ____ No ____
COPIES SENT TO
Court ✓ ProSe ✓

FILED
2008 FEB 11 PM 4:32
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

I (a) PLAINTIFFS

**Vilath Xayasomloth**

DEFENDANTS

**D. Dexter**

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Riverside

(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

**Vilath Xayasomloth**
**PO Box 2199**
**Blythe, CA 92226**
**T-76900**

ATTORNEYS (IF KNOWN)

'08 CV 0260 BEN AJB

II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

**28 U.S.C. 2254**

V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

**CONTRACT**
- ☐ 110 Insurance
- ☐ Marine
- ☐ Miller Act
- ☐ Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153Recovery of Overpayment of Veterans Benefits
- ☐ 160 Stockholders Suits
- ☐ Other Contract
- ☐ 195 Contract Product Liability

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Eiectmant
- ☐ 240 Tort to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury- Medical Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☒ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710Fair Labor Standards Act
- 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc.
- ☐ Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (13958)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS - Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reappointment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities Exchange
- ☐ 875 Customer Challenge 12 USC
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State
- ☐ 890 Other Statutory Actions

VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 DEMAND $ Check YES only if demanded in complaint: JURY DEMAND: ☐ YES ☐ NO

VIII. RELATED CASE(S) IF ANY (See Instructions): JUDGE Docket Number

DATE February 11, 2008 SIGNATURE OF ATTORNEY OF RECORD

R.Mille

cR