EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GARY W. SCHONS
Senior Assistant Attorney General
KEVIN VIENNA
Supervising Deputy Attorney General
ANDREW MESTMAN
Deputy Attorney General
State Bar No. 203009
110 West A Street, Suite 1100
San Diego, CA 92101
P.O. Box 85266
San Diego, CA 92186-5266
Telephone: (619) 645-2458
Fax: (619) 645-2271
Email: Andrew.Mestman@doj.ca.gov

Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **VILATH XAYASOMLOTH,**<br>**Petitioner,**<br>**v.**<br>**D. DEXTER, Warden,**<br>**Respondent.** | 08-0260 BEN (AJB)<br><br>**MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS** |

COMES NOW Respondent, D. DEXTER, Warden of Ironwood State Prison, through his counsel, Edmund G. Brown Jr., Attorney General of the State of California and Andrew S. Mestman, Deputy Attorney General respectfully submits the following Memorandum of Points and Authorities in Support of its Motion to Dismiss pursuant to the Order of this Court filed on March 27, 2008.

/ / /

## PROCEDURAL BACKGROUND

A San Diego County Superior Court jury convicted Xayasomloth of second degree murder for his role in a gang-related group beating and stabbing of Bounleuth Latvong. Xayasomloth was sentenced to prison for a term of 40 years to life.

Xayasomloth appealed his conviction to the California Court of Appeal. (Lodgment 1.) In an unpublished opinion, the appellate court affirmed the conviction, but reversed a ten-year consecutive criminal street gang enhancement. (Lodgment 4.) Xayasomloth filed a petition for review in the California Supreme Court which was denied on June 8, 2005. (Lodgements 5, 6.) Xayasomloth did not petition for certiorari to the Supreme Court, and therefore his conviction became final for federal purposes ninety days later, on September 6, 2005. 28 U.S.C. § 2101(d); Rules of the Supreme Court of the United States, Rule 13.

On April 28, 2006 — or 226 days later —Xayasomloth filed a petition for writ of habeas corpus in the San Diego Superior Court. (Lodgment 7.) On June 26, 2006, the Superior Court denied the petition. (Lodgment 8.)

On December 14, 2006, Xayasomloth filed a petition for writ of habeas corpus in the Court of Appeal. (Lodgment 9.) On April 3, 2007, the Court of Appeal denied the petition, finding Xayasomloth failed to state a prima facie case for relief. (Lodgment 10.)

On July 9, 2007, Xayasomloth filed a petition for writ of habeas corpus in the California Supreme Court. (Lodgment 11.) On June 13, 2007, the California Supreme Court denied the petition for habeas corpus. (Lodgment 12.)

On February 21, 2008, Xayasomloth filed a second petition for writ of habeas corpus in the California Supreme Court. (Lodgment 13.) This petition is currently pending. (Lodgment 14.)

/ / /

On February 11, 2008, Xayasomloth filed his Petition for Writ of Habeas Corpus in this Court which is identical to the petition currently pending in the California Supreme Court. On February 25, 2008, this Court dismissed the case without prejudice because Petitioner failed to either pay the $5.00 filing fee or filed a motion to proceed in forma pauperis. (Docket No. 3.) On March 24, 2008, Xayasomloth paid the filing fee and the case was reopened. (Docket No. 5.) On April 28, 2008, this Court ordered a response to the Petition.

## FACTUAL BACKGROUND

The facts are irrelevant to the issues presented in this motion to dismiss. Accordingly, Respondent has omitted a statement of the factual background

## ARGUMENT

### I.

### THE PETITION SHOULD BE DISMISSED WITH PREJUDICE BECAUSE XAYASOMLOTH FAILED TO FILE IT WITHIN THE STATUTE OF LIMITATIONS

Respondent respectfully submits that this Court should dismiss the Petition, in that it is time-barred. Xayasomloth's state-court conviction became final for federal purposes in September 2005. Although he may be entitled to some tolling of the statute while he sought a so-called round of state-habeas corpus relief in 2006, Xayasomloth waited too long before filing his Petition in this Court. Because Xayasomloth should have known about his claims no later than the date of finality, he is not entitled to a later start of the limitations period or to equitable tolling. His Petition must be dismissed.

/ / /

/ / /

/ / /

**A. Xayasomloth's State-court Decision Became Final In July 2005**

28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

///

///

Xayasomloth's petition for review was denied by the California Supreme Court on June 8, 2005. (Lodgment 6.) Because Xayasomloth did not petition for certiorari to the Supreme Court, his conviction became final for federal purposes ninety days later, on September 6, 2005. *See Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999).

Xayasomloth knew, or reasonably should have known, about the factual predicate of each of his claims, including any claim regarding ineffective assistance of appellate counsel, no later than the date of finality, when he knew or should have known about all the issues raised and rejected in the appellate opinion. *See Hasan v. Galaza*, 254 F.3d 1150, 1154-55 n.3 (9th Cir. 2001) (noting that the standard for determining a claim's factual predicate is objective). He may not receive a later start to his limitations period under 28 U.S.C. § 2244(d)(1)(D). Absent either a delayed start to the limitations period under § 2244(d)(1) or statutory tolling under § 2244(d)(2), Xayasomloth had until September 6, 2006 to file his federal petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Xayasomloth did not sign the proof of service on his Petition until January 28, 2008, and so it is late.

**B. Xayasomloth Is Not Entitled To Sufficient Statutory Tolling Under § 2244(d)(2)**

Xayasomloth sought one so-called round of state habeas relief by presenting petitions to, in turn, the San Diego County Superior Court, California Court of Appeal, and California Supreme Court. Valdez is entitled to tolling of the statute while each of these petitions were pending in state court. 28 U.S.C. § 2244(d)(2). The petition in the San Diego County Superior Court, which he signed on April 20, 2006, thus tolled the statute after 226 days had already run.

Xayasomloth should not, however, be entitled to tolling for the periods between the denial of a petition by one court and the filing of another petition in the next court because he waited more than the sixty days provided for prosecutors to

appeal the denial of habeas petition under California Rules of Court 8.308 and 8.388, and so his delay is unreasonable. *See Evans v. Chavis*, 546 U.S. 189, 126 S. Ct. 846, 854, 163 L. Ed. 2d 684 (2006) (finding that a delay of six months between petitions was unreasonable); *Carey v. Saffold*, 536 U.S. 214, 223-26, 122 S. Ct. 2134, 153 L. Ed. 2d 260 (2002) (holding that the federal statute of limitations is tolled during one round, assuming no undue delay, because California habeas corpus system functions similarly to an appellate system). The two gaps between three of Xayasomloth's habeas filings — that is the one 165 days between June 26, 2006 and December 8, 2006 (the period between the denial of his petition in the Superior Court and the filing of his petition in the Court of Appeal), and the 84 days between April 3, 2007, and June 26, 2007 (the period between the denial of his petition in the Court of Appeal and the filing of his first petition in the California Supreme Court)— should not be tolled. When added to the initial 226 days, the total of 475 days indicates that Xayasomloth's one-year limitations period expired before he ever filed his first habeas corpus petition in the California Supreme Court.

**C. Xayasomloth Is Not Entitled To Any Equitable Tolling**

The Supreme Court has not ruled whether equitable tolling should apply to habeas corpus petitions. *See Lawrence v. Florida*, ___ U.S. ___, 127 S. Ct. 1079, 1085 (2007); *Pace v. DiGuglielmo*, 544 U.S. at 418 n.8. But under other Supreme Court precedent, it should not. *See Bowles v. Russell*, __U.S.__, 127 S. Ct. 2360, 2364-66, 168 L. Ed. 2d 96 (2007) (distinguishing statute-based time limits from rule-based time limits); *United States v. Beggerly*, 524 U.S. 38, 48, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1998) (holding that equitable tolling was unavailable under the Quiet Title Act because it would be inconsistent with Congressional intent).

Even under extant circuit precedent, Xayasomloth has done nothing to carry his burden of establishing that he is entitled to equitable tolling. *See Smith v. Duncan*, 297 F.3d at 814; *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir.

2002). Valdez bears the burden of establishing equitable tolling, and in order to do so he must demonstrate: (1) extraordinary circumstances beyond his control that (2) made it impossible to file a petition on time. *Id.* at 1066-67 (attorney miscalculation of AEDPA limitations period did not merit equitable tolling). Equitable tolling is "unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999); *see Pace v. DiGuglielmo*, 544 U.S. at 418 (requiring diligence).

Xayasomloth does not make any argument regarding equitable tolling of the statute of limitations. His Petition is late, and it must be dismissed with prejudice.

## II.

## THE PETITION SHOULD BE DISMISSED BECAUSE PETITIONER HAS FAILED TO EXHAUST HIS STATE COURT REMEDIES

A federal court may not grant federal habeas corpus relief unless the petitioner has exhausted his state court remedies with respect to all claims contained in the petition. 28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 349, 109 S. Ct. 1056, 103 L. Ed. 2d 380 (1989); *Rose v. Lundy*, 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). In order to exhaust state court remedies, the federal contention must have been fairly presented to the state's highest court, which in turn must have disposed of the claim on the merits. *Anderson v. Harless*, 459 U.S. 4, 6-8, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982) ("*Anderson*"); *Roettgen v. Copeland*, 33 F.3d 36, 38-39 (9th Cir. 1994).

The exhaustion doctrine is based on the policy of federal-state comity, designed to give state courts the first opportunity to correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *accord Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995). As a matter of comity, a federal habeas petitioner must give the state courts a fair opportunity to apply controlling legal principles to the facts relevant to his constitutional claim before bringing the claim to federal court. *O'Sullivan v.*

*Boerckel*, 526 U.S. 838, 842, 844, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Anderson*, 459 U.S. at 5-6.

The exhaustion requirement is not satisfied if there is a pending post-conviction proceeding in state court. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983). If an appeal or collateral challenge of a state criminal conviction is pending, a would-be federal habeas petitioner must await the outcome of the state court action before his state remedies are considered exhausted, even where the issue to be raised in the petition for writ of habeas corpus has been finally settled in the state courts. *See id.* Even if the federal constitutional question raised by the petitioner cannot be resolved in a pending state action, that action may result in the reversal of the petitioner's conviction on some other ground, thereby mooting the federal question. *See id.* (citations omitted); *cf. Phillips v. Vasquez*, 56 F.3d 1030, 1036 (9th Cir. 1995) (allowing death penalty defendant's habeas challenge to guilt determination even though state court challenge to his sentence of death was still pending; extraordinary delay in adjudicating the latter excused exhaustion requirement and, unlike *Sherwood*, there was no danger that the pending state appeal would moot the federal court's decision).

Here, Xayasomloth raises eight claims for relief. These eight claims are currently pending before the California Supreme Court. (Lodgment 13, 14.) Xayasomloth must await the outcome of that state court challenge to his conviction

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

before presenting his claims in federal court. Until that proceeding is concluded, a habeas petition in this court is premature and unexhausted and must be dismissed.

Dated: June 2, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DANE R. GILLETTE
Chief Assistant Attorney General

GARY W. SCHONS
Senior Assistant Attorney General

KEVIN VIENNA
Supervising Deputy Attorney General

s/Andrew Mestman

ANDREW MESTMAN
Deputy Attorney General

Attorneys for Respondent

AM:adc

## CERTIFICATE OF SERVICE BY U.S. MAIL

Case Name: **Xayasomloth v. Dexter**
No.: **08-0260 BEN (AJB)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On June 2, 2008, I served the following documents:

**MEMORANDUM OF POINTS AUTHORITIES IN SUPPORT OF RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 110 West A Street, Suite 1100, P.O. Box 85266, San Diego, CA 92186-5266, addressed as follows:

**Electronic Mail Notice List**
I have caused the above-mentioned document(s) to be electronically served on the following person(s), who are currently on the list to receive e-mail notices for this case: N/A

**Manual Notice List**
The following are those who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing):

Vilath Xayasomloth
CDC# T-76900
Ironwood State Prison
P.O. Box 2199
Blythe, CA 92226
In Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on June 2, 2008, at San Diego, California.

| A. Curiel | [signature] |
|---|---|
| Declarant | Signature |