Vilath Xayasomloth T-76900
Ironwoood State Prison
P.O. Box 2199 (C2-249)
Blythe, Ca 92226

In Pro Per

FILED

2008 JUL -2 PM 4:56

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY ______ DEPUTY

NUNC PRO TUNC
JUN 26 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

**VILATH XAYASOMLOTH,**
**Petitioner,**

**v.**

**D. DEXTER, Warden,**
**Respondent.**

**08-0260 BEN (AJB)**

**MEMORANDUM OF POINTS AND AUTHORITIES & DECLARATION IN SUPPORT OF MOTION TO DENY RESPONDENT'S MOTION TO DISMISS THE INSTANT PETITION FOR WRIT OF HABEAS CORPUS.**

COMES NOW Petitioner, Vilath Xayasomloth, in pro per respectfully submitts the following Memorandum of Points and Authorities and Declaration.

**PROCEDURAL BACKGROUND.**

Petitioner avers to Respondent's background with the exception of R2 @ L 3 because it implies that Petitioner's State petition filed in the California Supreme Court was denied June 13, 2007 when it was actually denied Jan 3, 2008.

**ARGUMENT**

**I.**

**THE INSTANT PETITION IS FILED WITHIN THE STATUE OF LIMITATIONS**

On direct appeal Petitioner's petition for review to the California Supreme Court was denied on June 8, 2005 ( R Lodgement 6)

Petitioner did not submit a petition for Certiorari in the United States Supreme Court, therefore his conviction became final on Sept 6, 2005; accordingly, 28 USC 2244 (d) provides:

(1) A 1 year period of limitation shall apply to an application for writ of habeas by a person in custody pursuant to the judgement of a state court. The limitation period shall run from the latest of

(A) The date on which the judgement became final by the conclusion of direct review or the expiration of the time (90 days) for seeking such review.

Therefore, based on 2244(d)(1)(A) after Petitioner's conviction became final on Sept 6, 2005, he had one (1) year until Sept 6, 2006 in order to file a petition in the federal courts otherwise he'd be time barred, Unless he meets one of the provisions of 28 USC 2244 specifically, (d)(1)(B), the date on which the impediment to filing an application created by state action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action:

or (d)(2) The time during which a properly filed application for state post conviction or other collateral review with respect to the pertinent judgement or claim is pending shall not be counte toward any period of limitation under this subsection.

Petitioner maintains that in his particular case 2244 (d)(1)(B) and (d)(2) applies to his situation and will address each in the reverse.

///

**a. Petitioner's properly filed habeas tolls the statue of limitations.**

Respondent agrees that Petitioner is entitled to tolling time but it should be limited to (R5 @ 24-25) the petition filed in the San Diego Superior Court, April 28, 2006, some 226 days after the denial of the direct appeal and the expiration of the time (90 days) for filing a cert in the Supreme Court.

Respondent maintains that the periods between the denial of the petition by one court and the filing of another petition in the next court should not be tolled because petitioner waited more than sixty days (R5 L 26-28) He based this theory on California Rules of court 8. 308 and 8.388.R 6 @ 2). The problem with Respondent's reasoning is that it failes to consider California Rules of Court 8.66 it holding (People v. Acosta Supra 78 Cal. Rpter 864) firmly states that the late filing of a petition can proceed upon explanation. In other similar situations significant delays have been justified, in each such case the delay was deemed to have been reasonably explained for one reason or another.

In People v. Garcia (1965) 46 Cal Rptr 304, a delay of almost one year was justified where the petitioner bould "barley write' and read with difficulty and where... the circumstances of his imprisonment precluded an earlier action than taken by him. Such circumstances were his nine month confinement to the hole because of an infraction of prison rules. When released from such confinement he almost immediately obtained the help of a knowledgable inmate who assisted obtaining information and documents and (s)hortly thereafter, the petitioner filed his application for relief

//

People v. Curry (1965) 42 Cal Rptr 17 ( 10 month daly); People v. Madrid (1965) 43 Cal Rptr 638 (5 mos delay); People v. Davis (1965) 44 Cal Rptr 441 and People v. Johnson (1964) 40 Cal Rptr 708 (8 mos delay); People v. Rapp (1966) 51 Cal Rptr 247 (8 mos delay).

Merely because there was a time gap between the state court filing does not necessarily mean that Petitioenr is automatically not entitled to tolling. A review of Petitioner's state habeas (R lodgement 7,9,11 ) in section 15 the dealy was explained.

Each court to review the section accepted petitioner's explain-ation as being sufficient and afterwards ruled on the merits of the petitioner. Respondent was provided with sixty days to appeal the state court's decicion (Cal Rules of Court 8.308 and 8.388) an did not. Petitioner believes that now he is barred and in the wrong court.

the federal courts have ruled, Vasquez v. Pliler 220 Fed Appx 598 (CA 9 2007); Pace v. Diguglielmo 544 US 408, that a properly filed California State writ is properly filed unless the state court cites In Re Clark 5 Cal 4th 750, or In Re Robbins 18 Cal 4th 790, Otherwise once the court has accepted the petition and ruled on the merits the matter is considered properly filed and tolled... precluding the need to offer an explaination of diligence or extraordinary circumstances.

Further review of Vasquez v. Pliler id. citing King v. Lamarque 464 F 3d 963 (9th Cir 2006) we find that even when the state had denied a habeas based on Clark and Robbins id., the Petitioner was still afforded an evidentiary hearing. The court based its decision on the fact that those cases (Robbins and Clark) are not adequate, they are ambiguous and inconsistently applied.

If for no other reason, cimply because the state did not cite Robbins or Clark id. when denying his claims his petitions were properly filed and tolled. Even if the state court had cited the above cases he would still be entitled to an evidentiary hearing.

On Janurary 3, 2008, the California Supreme Court denied Petitioner's petition and on Feb 11, 2008, he submitted the instant petition in a timely manner. Again the State of California never ruled that any of Petitioner's petitions were untimely therefore, he has satisfied his timely and tolled burden.

**b. Petitioner is entitled to tolling based on a state impediment**

Petitioner stands firm with his argument above in that he has already satisfied his timely and tolled burden however, believes that the Respondent and this Court need to be aware of the following as it likewist supports Petitioenr's 28 USC 2244 (d)(1)(B) argument.

From Sept 6, 2005 to April 2006, Petitioner was confined at Pelican Bay State Prison (PBSP) in California where (See Declaration p 1-3) he was denied acces to the prison law library specifically because the prison's law library has a limited amount of space (10 inmates) which it gives priority access to prisoners with actual court deadlines; 2 Although petitioner had an AEDPA deadline, the prison does not recognize the AEDPA timeline as an actual court deadline for the purpose of access to the prison law library.

The federal courts has recognized that the AEDPA statue of limitations provisions can be subject to equitable tolling Calderon v. US (Beeler) 128 F 3d 1283, 1285 (9th Cir 1997) overruled on other grounds by Calderon v. US (Kelly) 163 F 3d 530 (9th Cir 1998) (enbanc).

Equitable tolling is applicable only "if extraordinary circumstances beyond a person's control make it impossible to file a petition on time." Beeler, 128 F 3d @ 1288 (internal quotation marks omitted). These extraordinary circumstances must be "the cause of [the] untimeliness." Spitsyn v. Moore 345 F 3d 796, 797 (9th Cir 2003).

Petitioner believes that Respondent and this court would agree that access to the law library is necessary for access to the court.

To deny inmate access to the court or an adequate prison law library would constitute a violation of the constitution (impediment) otherwise the prison would not have a law library. (Bounds v. Smith 97 S Ct 1491 (1977); Wolff v. McDonnell 418 US 576; Younger v. Gilmore 418 US 578).

Petitioner had no control over who PBSP allowed access to its prison law library, at best the only thing he could do is what he did (See declaration p 1-3):

1. attempted to access the law library during yard time as noticed by the prison.

2. Submitted request to the prison law librarian requesting access to the law library or materials which was denied.

All of petitioner's deligent attempts to access the prison law library were futile and based on his abilities. Petitioner asks this court not to juxtapose its (educated) self with him regarding other things it believed he could have done while at PBSP. Petitioner tried each time he was provided yard access and was denied.

Knowing this Respondent should atleast have a duty to explain to his client that the AEDPA is important and should be recognized as a actual court deadline for the purpose of access.

And although Congress has created the rule, likewise it does nothing to ensure that the state prisons recognize it for priority access to the law libraries, otherwise how can it be enforced.

"to merit application of equitable tolling the petitioner must demonstrate that he acted with 'reasonable diligence' during the period he wishes to have tolled, but that dispite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time." Smaldone v. Senkonski 273 F 3d 133

"The existence of sufficient library facilities doe not provide sufficient access to court when prisoners are denied reasonable time to utilize the library's resources." Hays v. Woolford 444 F Supp 2d 1127 (2006)

"A prisoner establishes actual injury by showing he was actually denied access ot the court." Sand v. Lewis 886 F 2d 1166 (9th Cir 1989).

"If petitioner was preventd from filing his habeas corpus petition as a result or illegal state action, the limitation period will not begin until the state impediment is removed." Wyzykowsik 226 F3d @1216.

On 4-16-06, Petitioner was transferred from PBSP to Ironwood State Prison (ISP) a lower security prison. ONce there he was granted access to the prison law library during yard times without requiring him to have an actual court deadline.

Petitioner believes that for the purpose of the AEDPA, 4-16-06 started his one (1) year timeline because the impediment was removed, thus, without tolling petitioner needed to submit the instant petition by 4-28-07 [Petitioner does not know whether he is still entitled to the 90 days time for cert eventhough he did not submit ~~one once the impediemnt was lifted.~~]

one once the impediment was lifted.]

With tolling the instant petition is timely wven when consideration is given towards the re-instatement of the impediment (See declaration P 1-3) when ISP was placed on lockdown between June and December 2006; due to a stabbing. During this lockdown ISP limited law library access to inmatess with actual court deadlines and likewise due to the limited amount of space (10 inmates) and do not recognize the AEDPA for the purpose of priority access Again upon release from lockdown petitioner immediately obtained the help and (s)hortly thereafter filed his application in the California Court of Appeals. Again the delay was explained in section 15, the court accepted the petition and ruled on the merits without citing Robbinsor Clark id., therefore, it is deemed timely and tolled.

Based on the above and supported by Petitioner's declaration he believes that 28 USC 2244 (d)(1)(B) is satisfied.

II.

**EXHAUSTION OF STATE COURT REMEDIES**

Respondent argues that Petitioner has failed to exhaust his state court remedies with respect to [a]ll claims (R 7-9). His reasoning is based on the fact that the instant petition raises the same eight (8) claims that are pending in the California Supreme court. Respondent goes on to state that even if the federal constitutional questions cannot be resolved in the pending state action, that action may result in the reversal based on some other ground, thereby mooting the federal question.

Lastly Responddent maintains that this court's only choice

is to dismiss the instant petition.

Petitioner believes that based on the liberial standards afforded to prose litigants that his claims are interwoven and exhausted via his motion for a new trial, direct appeal, and on collateral review. And this court has options (abeyance) other a dismissal. The only claims petitioner believes my be questionable are: II & VIII. Petitioner did explain in question 20 of the instant writ form,

" Petitioner maintains that the state's highest court has reached a decision based on all of his issues any further review in the California court would result in denial based on current case holding."

California's highest state court's holding with respect to these issues are well settled. Petitioner does not see the court deciding the issue(s) on other grounds.

The current statutory exhaustion requirement prevents a federal court from granting habeas relief unless it appears that there is an abeyance of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.

Petitioner believes that if this court were to find that his issues need further exhaustion that he should be afforded an abeyance to stay the proceedings pending the state court's ruling.

"District court has discretion to stay an exhausted petition" Calderson v. Taylor 134 F ed 981 (CA9 (cal) 1998); James v. Pliler 269 F 3d 1124, 1127 (9th Cir 2001: Kelly v. Small 315 F 3d 1063 (9th Cir 2003).

An abeyance is appropriate in cases where a stay is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court with the one (1) year limitation period imposed by the AEDPA. Kelly v. Small 315 F3d @ 1070.

The most recent case Barretto v. Giurbino (CA9 (Cal) 2005) 150 Fed Appx 604, alllows abeyance pending exhaustion.

IN a case similar to petitioner's when the District Court chose to not grant an abeyance, the higher court found that its decisiion was an abuse of discretion because the petitioner could not have exhausted his claim and returned to federal court within the AEDPA timeline. Olvera v. Giurbino 371 F3d 569, 574 (9th Cir 2004).

Based on the above Petitioner request that this court:find:

1. The issues exhauste or 2. That exhaustion is absence of available state process 3. State process is ineffective or 4. Grant petitioner an abeyance until the pending habeas has been ruled on.

Date: June 24, 2008

Respectfully Submitted,
Vilath Xayasomloth
Vilath Xayasomloth,
Petitioner in pro per

DECLARATION OF VILATH XAYASOMLOTH

I Vilath Xayasomloth, Declares as follows:

1. On or about 7-3-03, I arrived at Pelican Bay State Prison (PBSP), considered by State and Federal Officials to be the most violent high security prison in the state of California.

2. As all newly arrived inmates, I was seen by the prison's classification committe for the purpose of determining the level of security necessary for my program and housing placement. At this hearing I was designated as a close A custody inmate and housed in a 180 designed cell.

3. As a close A custody inmate I was required to be under constant and direct supervision, all out of cell activities were to be concluded at 1830 hours; basically there was no evening program.

4. PBSP has a law library with a maximum capacity of 10 people to service approximately 1000 persons. The limited capacity denied my ability to access the court because access is restricted to imates with actual court deadlines- and only during scheduled yard times.

5. While at PBSP I was told by the law librian that the prison did not recognize the AEDPA for the purpose of a court deadline. I would need an actual court deadline established by the court based on a current open case.

6. While I was at PBSP yard access was scheduled approximately two time a week usually for one and a half hour. During the times I was afforded yard each time I attempted to access the law library I was denied due to not having an actual court deadline.

7. While I was at PBSP yard release would not occur prior to close A custody count cleared. During this time the counts were late which eliminated or re-duced yard access to between 30 minutes to an hour.

8. While at PBSP, security measures, resulted in a slow yard release where inmates were stripped search, this further reduced yard time.

9. While I was at PBSP the prison was the subject of power outtages and fog both of which resulted in no program or movement, further preventing access to the yard and library.

10. While at PBSP the prison was on constant lockdown due to violent acts on staff and inmates. During this time I submitted a general request for assistance and legal materials; my request was denied due to no legal deadline.

11. While at PBSP I happened upon an Inmate Law Library Clerk who told me he would review my transcripts and submit a petition if I paid him $500 dollars. since I did not have the monies I could not get it done.

12. While at PBSP, prior to my case being denied in the California Supreme court on direct appeal, because I was with counsel I had no reason to attempt to access the law library, therefore I did not know what to do to gain access.

13. Finally I was told by prison officials that I needed to be ducated for access to the law library and only after I had an actual court deadline.

14. On or about 4-15-06, I was transferred from PBSP to Ironwood State Prison at Blythe. Because Ironwood State Prison (ISP) is a lower level prison, I was afforded access to the prison library.

15. While at ISP, although I received access to the law library without needing a court deadline, my actions were further limited by the fact that English is my second language with my primary being Laotian; all legal law books at ISP are in English.

16. While at ISP, fortunately I was able to find an Inmate Jail house lawyer who frammed my state court petition without cost.

17. The inmate jail house lawyer explained to me that ISP had a limited amount of case law due to the state not having money in the budget to buy law books, and that he would inform the courts in the habeas petition.

18. When my petition was denied in the court of appeals, ISP was on lock-down due to a racial stabbing. I requested access to the law library and was told by prison officials that during lockdowns only inmates with actual court deadlines were granted access to the law library within the last thirty days of the deadline, furthermore my writ had been denied and CDC does not recognize the AEDPA timeline; I was denied access to the law library.

19. When the lockdown ended at ISP I was abble to have the inmate jail house lawyer complete the petition and submitted it to the California Supreme Court; it is noted that I informed the court of the delay, they accepted the petition and ruled on the merits.

I declare under the penalty of perjury under the State and Federal laws that the foregoing is true and correct and that this declaration was executed on June, 24, 2008 at Riverside California.

Vilath Xayasomloth

X Vilath Xayasomloth

PROOF OF SERVICE

I hereby declare that I am over the age of 18 years of age, a resident of the State of California and a party to the within cause of action. That on this date I did cause a true and correct copy of Notice of Motion / Motion for an Abeyance to exHaust state Remedies to be served on the parties to the action by:

X depositing same in the U.S. Mail with first class postage prepaid and addressed as follows:

______ delivering same in person to the address as follows and placing into the control of the below listed party or their representative;

Dept. of Justice / Office of the Attorney General
110 West "A" St. st. 1100
San Diego, CA 92101

EXECUTED THIS 24 DAY OF June, 2008, UNDER PENALTY OF PERJURY

IN Blythe, CALIFORNIA.

Vilath Kayasonloth
Vilath Kayasonlath
Declarant