Vilath Xayasomloth, T-76900
Ironwood State Prison
P.O. Box 2199 (C2-249)
Blythe, Ca 92226

In Pro Per

FILED
2008 AUG 11 PM 12:55
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ________ DEPUTY

NUNC PRO TUNC
AUG - 1 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

VILATH XAYASOMLOTH,
Petitioner,

v.

D. DEXTER, Warden,
Respondent.

08-260 BEN (AJB)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR AN ABEYANCE TO EXHAUST STATE REMEDIES.**

COMES NOW Petitioner, Vilath Xayasomloth, in pro per respectfully submits the following Memorandum of Points and Authorities.

**PROCEDURAL BACKGROUND.**

Petitioner is currently in the District court on habeas challenging his state conviction. Respondent filed a motion to dismiss with one of its reasons being a failure to exhaust in the state court. On June 24, 2008, Petitioner submitted a Motion to Deny Respondent's Motion to dismiss and requested that in lieu of an outright dismissal of the petition that he be allowed an abeyance to exhaust other issues. ON July 2, 2008, the Court Clerk issued a discrepancie notice citing local rule 5.1 (missing time and date on motion and or supporting documentation) and 7.1 (lacking memorandum of points and authorities in support as a separate document)

///

Because Petitioner believed that all the documents were included he resubmitted copies of the covers of each documents. On July 24, 2008, he received another discrepancy order accepting the Motion to Deny Respondent's Motion to dismiss as filed and rejecting the motion for an abeyance citing the same reasons as previously stated: local rule 5.1 and 7.1.

## ARGUMENT

### AN ABEYANCE IS APPROPRIATE IN THIS CASE

Respondent argued in a motion to dismiss that Petitioner failed to exhaust his state court remedies with respect to all claims (R 7-9). His reasoning is based on the fact that the instant petition raises the same eight (8) claims that are pending in the California Supreme Court. Respondent goes on to state that even if the federal constitutional questions cannot be resolved in the pending state action, that action may result in the reversal based on some other ground, thereby mooting the federal question.

Lastly Respondent maintains that this court's only choice is to dismiss the instant petition.

Petitioner believes that based on the liberial standards afforded to prose litigants that his claims are interwoven and exhausted via his motion for new trial, direct appeal, and collateral review. Importantly, this court has options other than an outright dismissal of his petition. The only claims which petitioner believes may be questionable are : II & VIII.

Even still Petitioner did explain in question 20 of the instant federal writ form,

" Petitioner maintains that the state's highest court has reached a decision based on all of his issues, any further review in the

California court would result in denial based on current case holding."

California's highest state court's holding with respect to petitioner's issues are well settled. Petitioner does not see the court deciding the issue(s) on other grounds.

The current statutory exhaustion requirement prevents a federal court from granting habeas relief unless it appears that there is an abeyance of available state corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant.

If this court were to believe that the issues need further exhaustion petitioner should be afforded an abeyance to stay the proceedings pending the state court's ruling.

"District court has discretion to stay an exhausted petition" Calderon v. Taylor 134 F 3d 981 (CA9 (Cal) 1998); James v. Pliler 269 F 3d 1124, 1127 (9th Cir 2001); Kelly v. Small 315 F 3d 1063 (9th Cir 2003).

An abeyance is appropriate in cases where a stay is particularly appropriate when an outright dismissal will render it unlikely or impossible for the petitioner to return to federal court with the one (1) year limitation period imposed by the AEDPA. Kelly v. Small 315 F 3d @ 1070.

At issue in the present petition Respondent list his other reason for dismissal as being time barred pursuant to the AEDPA timeline. However, petitioner believes that he has overcome the time issue based on a state caused impediment. Even still he does not now have enough time, if dismissed, to go back to the state court and exhaust without an abeyance.

The most recent case that petitioner could find regarding the issues is Barretto v. Giurbino (CA 9 (Cal) 2005) 150 Fed Appx 604, allows abeyance pending exhaustion.

In a case similar to petitioner's when the district court chose to not grant an abeyance, the higher court found that its decision was an abuse of discretion because the petitioner could not have exhausted his claim and returned to federal court within the AEDPA timeline. Olvera v. Giurbino 371 F 3d 569, 574 (9TH Cir 2004).

Based on the above, in the event that this court finds that the issues are not exhausted that petitioner be granted an abeyance until the pending habeas has been ruled on.

Date: 8-1-2008

Respectfully Submitted,

Vilath Xayasomloth,

Petitioner in pro per.

Vilath Xayasomloth

# VERIFICATION

STATE OF CALIFORNIA
COUNTY OF

( C.C.P. SEC. 446 & 2015.5; 28 U.S.C. SEC. 1746 )

I, Vilath Xayasomloth DECLARE UNDER THE PENALTY OF PERJURY THAT: I AM THE Petitioner IN THE ABOVE ENTITLED ACTION; I HAVE READ THE FOREGOING DOCUMENTS AND KNOW THE CONTENTS THEREOF AND THE SAME IS TRUE OF MY OWN KNOWLEDGE, EXCEPT AS TO MATTERS STATED THEREIN UPON INFORMATION, AND BELIEF, AND AS TO THOSE MATTERS, I BELIEVE THEM TO BE TRUE.

EXECUTED THIS 30 th DAY OF July, 2008, AT Ironwood STATE PRISON, Blythe, CALIFORNIA 92226

(SIGNATURE) Vilath Xayasomloth
(DECLARANT/PRISONER)

---

# PROOF OF SERVICE BY MAIL

(C.C.P. SEC. 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, Vilath Xayasomloth, AM A RESIDENT OF IRONWOOD STATE PRISON, IN THE COUNTY OF RIVERSIDE, STATE OF CALIFORNIA; I AM OVER THE AGE OF 18 YEARS OF AGE AND AM A PARTY OF THE ABOVE ENTITLED ACTION. MY STATE PRISON ADDRESS IS: P.O. BOX 2199 BLYTHE, CALIFORNIA 92226

ON July 30, 2008 I SERVED THE FOREGOING:

Notice Of Motion For An Abeyance To Exhaust State Remedies/ Memorandum of points and authorities in Support Of Motion For An Abeyance To Exhaust State remedies. (SET FORTH EXACT TITLE OF DOCUMENT/S SERVED)

ON THE PARTY(S) HEREIN BY PLACING A TRUE COPY(S) THEREOF, ENCLOSED IN A SEALED ENVELOPE (S), WITH POSTAGE THEREON FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT Ironwood STATE PRISON, Blythe, CALIFORNIA 92226

United State District Court
Southern District of Cali.
Office of the Clerk
#880 front St. suite 4290
San Diego, Ca. 92101-8900

Dept. of Justice
Office of the Att. Gen.
110 West A St. suite 1100
San Diego, Ca. 92101

THERE IS DELIVERY SERVICE BY UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED. I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DATE: 8-1-08 Vilath Xayasomloth
(DECLARANT/PRISONER)

Form: d.