cal_____

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILATH XAYASOMOLOTH,<br><br>        Plaintiff,<br>v.<br><br>D. DEXTER, Warden,<br><br>        Defendants. | Civil No.08cv260 BEN (AJB)<br><br>**REPORT AND RECOMMENDATION GRANTING MOTION TO DISMISS AND DENYING MOTION FOR STAY AND ABEYANCE AS MOOT**<br><br>[Doc. Nos. 9, 18.] |

Petitioner Vilath Xayasomoloth, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 2, 2008, Respondent filed a motion to dismiss for failing to timely file within the statute of limitations and failure to exhaust his state court remedies. On June 26, 2008, Petitioner filed an opposition to the motion. On August 1, 2008, Petitioner filed a motion for stay and abeyance to exhaust state remedies while his currently filed state court habeas petition is being decided. After a review of the moving papers, the opposition, and all supporting documents, the Court RECOMMENDS that the motion to dismiss be GRANTED for failure to timely file within the statute of limitations and the motion for stay and abeyance be DENIED as MOOT.

**Background**

In 2002, a jury convicted Petitioner of second degree murder in violation of California Penal Code § 187(a) and the court found true a gang enhancement under California Penal Code § 186.22(b)(1). (Lodgment 8.) The court sentenced Petitioner to a total term of forty years to life. (<u>Id.</u>)

On February 15, 2005, the California Court of Appeal affirmed in part and reversed in part with directions. (Lodgment 4.) On June 8, 2005, the California Supreme Court denied his petition for review. (Lodgment 6.)

On April 27, 2006, Petitioner filed a petition for writ of habeas corpus in San Diego Superior Court. (Lodgment 7.) The court denied the petition for writ of habeas corpus on June 26, 2006. (Lodgment 8.) Almost six months later on December 14, 2006, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal. (Lodgment 9.) The Court of Appeal denied the petition on April 3, 2007. (Lodgment 10.) On July 9, 2007, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Lodgement 11.) On January 3, 2008, the California Supreme Court denied the petition. (Lodgment 12.) On February 21, 2008, Petitioner filed another petition for writ of habeas corpus in the California Supreme Court. (Lodgment 13.)

On February 11, 2008, Petitioner filed a petition for writ of habeas corpus in this Court. Respondent filed a motion to dismiss on June 2, 2008 and Petitioner filed an opposition on June 26, 2008. On August 1, 2008, Petitioner filed a motion to stay and abey his federal petition while he exhausts his state court remedies.

## Discussion

**A.     Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides for a one-year limitations period for state prisoners to file a federal habeas petition in federal court. See 28 U.S.C. § 2244(d). The section states, in pertinent part:

> (d)(1)  A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). Petitioner argues that he is timely under 28 U.S.C. § 2244 (d)(1)(B) because of the state impediment of being denied access to the prison law library.

### 1.     28 U.S.C. § 2244(d)(1)(B)

A prisoner is entitled to a later statute of limitations start date if an unconstitutional state action prevented him from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). However, "the petitioner must show a causal connection between the unlawful impediment and his failure to file a timely habeas petition." Bryant v. Schriro, 499 F.3d 1056, 1060 (9th Cir. 2007). Petitioner has the burden of demonstrating he is entitled to statutory and equitable tolling. See Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002).

Access to a law library is not in itself a free-standing constitutional right. Lewis v. Casey, 518 U.S. 343, 351 (1996). A prisoner is not guaranteed unlimited access to the law library under the Constitution and "[p]rison officials of necessity must regulate the time, manner and place in which library facilities are used." Lindquist v. Idaho State Bd. of Correction, 776 F.2d 851, 858 (9th Cir. 1985). "The fact that inmates must wait for a turn to use the library does not necessarily mean that he has been denied meaningful access to the courts." Id. (citation omitted). Law libraries are only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts. Bounds v. Smith, 430 U.S. 817, 825 (1977). Petitioner must show the inadequate access led to actual injury. Lewis, 518 U.S. at 351-52. In other words, he must demonstrate that the library closure actually prevented him from timely filing his petition.

Petitioner asserts that he was denied access to the prison law library which prevented him from filing a timely habeas petition. He states that while at Pelican Bay State Prison from September 6, 2005 to April 2006, Petitioner was denied access to the prison law library because priority was given to prisoners with actual court deadlines. (Xayasomloth Decl. ¶ 4.) He was informed by the law librarian that the prison does not recognize the AEDPA deadlines as an actual court deadline. (Id. ¶ 5.) He claims that during the twice a week yard access, he attempted to access the law library but was denied because he did not have an actual court deadline. (Id. ¶ 6.) In addition, access the law library was limited in time because he was a "close A custody inmate," and security measures such as strip searches at yard release caused delay. (Id. ¶ 7-8.) Further, he claims that other hindrances prevented access to

the law library such as power outages and fog, and constant lockdowns due to violent acts on staff and inmates. (Id. ¶¶ 9-10.)

On April 15, 2006, Petitioner was transferred to Ironwood State Prison, a lower security prison where he was granted access to the prison law library yard times without requiring him to have an actual court deadline. (Id. ¶¶ 14, 15.) He argues that he was further limited because all legal books are in English and his primary language is Laotian. (Id. ¶ 15.) Further, he was informed by a jail house lawyer that Ironwood State Prison had limited amount of law books because of budget cuts. (Id. ¶ 17.)

When his petition was denied in the court of appeals, the prison was on lockdown due to a racial stabbing. (Id. ¶ 18.) He claims he requested access to the law library but was denied because only inmates with actual court deadlines were granted access to the law library. (Id.)

Petitioner contends that the state impediment was lifted on April 16, 2006 when he was transferred to Ironwood State Prison. Therefore, he claims that the statute of limitations should begin on that date. He also argues that he is entitled to tolling again between June and December 2006 when Ironwood State Prison was on lockdown and the law library was limited to inmates with actual court deadlines. After release from lockdown, Petitioner claims that he immediately obtained assistance and filed his petition in the Court of Appeal.

Petitioner has not alleged with any specificity how either prison policies, which gave priority access to inmates with court deadlines or lockdowns or security measures or power outages or fog or English-only law books, or limited amount of law books constituted unconstitutional or unlawful state action. See Lewis, 518 U.S. at 351, 361 ("principle of deference has special force" regarding prisoners in lockdown; and claiming generally that the law library is subpar is not enough to establish denial of access to the courts); Turner v. Safley, 482 U.S. 78, 89 (1987) (prison regulation "is valid if it is reasonably related to legitimate penological interests"); Lindquist, 776 F.2d at 858 ("[p]rison official of necessity must regulate the time, manner, and place in which library facilities are used"). Moreover, Petitioner makes general allegations but has failed to demonstrate that he was denied access to the library while at Pelican State Prison and he had limited access at Ironwood State Prison. He has provided no documents to show his alleged request and specific denial of access, periods of limited library access, periods of open access, which classes of inmates had access during each day, and when

or if Petitioner had access to the library at these prisons. Therefore, Petitioner has not shown that he is entitled to a later start date under 28 U.S.C. § 2244(d)(1)(B). See Smith, 297 F.3d at 814.

### 2. 28 U.S.C. § 2244(d)(1)(A)

The AEDPA's one-year statute of limitations begins to run on "the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Id. § 2244(d)(1)(A). The period of "direct review," pursuant to § 2244(d)(1)(A), includes the ninety (90) day period within which Petitioner could have filed a petition for a writ of certiorari from the United States Supreme Court. Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Therefore, the one year statute of limitations begins to run ninety days after direct review is denied by the California Supreme Court. Id.

Here, the California Supreme Court denied review on June 8, 2005. The ninety day period for the expiration of time to seek review expired on September 6, 2005. Therefore, the one-year statute of limitations began to run on September 7, 2005 and expired on September 6, 2005.

Since his current petition was filed on February 11, 2008, the statute of limitations deadline passed. His petition is untimely unless 1) the AEDPA's statutory tolling provision brings him within the limitations period, or 2) the doctrine of equitable tolling applies to extend the filing deadline.

#### a. Statutory Tolling

Petitioner also argues he is entitled to statutory tolling. AEDPA's statutory tolling provision provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). The AEDPA one-year limitations period is tolled during the period of time a petitioner seeks post-conviction relief in state court. Tolling begins "from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge" but the statute of limitations is not tolled "from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). "The time that an application for state

post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law. Carey v. Saffold, 536 U.S. 214 (2002)." Evans v. Chavis 546 U.S. 189, 191 (2006).

The meaning of the terms "properly filed" and "pending" in Nino have since been clarified by the United States Supreme Court in the Carey, Pace and Evans decisions. In Carey v. Saffold, 536 U.S. 214 (2002), the Court held that the time between the denial of a petition in a lower California court and the filing of a subsequent petition in the next higher state court does not toll the statute of limitations (i.e., an application for post-conviction relief is not "pending" during the interstitial periods while one is pursuing a full round of state collateral review), if the petition is ultimately found to be untimely. Id. at 223-26. In Pace v. DiGuglielmo, 544 U.S. 408 (2005), the Court held that statutory tolling is not available for the period a petition is under consideration (i.e., an application for post-conviction relief is not "properly filed"), if it is ultimately dismissed as untimely. Id. at 413-14. In Evans v. Chavis, 546 U.S. 189 (2006), the Court held that in the absence of a clear indication by the California Supreme Court that a petition is untimely, "the federal courts must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." Evans, 546 U.S. at 197 (reversing Ninth Circuit decision that held that a denial without comment or citation is treated as a denial on the merits and is not untimely).

Most states set out the number of days for filing a timely notice of appeal, usually a matter of a few days; however, in California, a prisoner seeking relief on collateral review must file a notice of appeal within a 'reasonable' time. In re Harris, 5 Cal.4th 813, 828, n. 7 (1993); see also Safford, 536 U.S. at 221. Interpreting California's reasonable time standard, the United States Supreme Court stated "that California's system functions in ways sufficiently like other state systems of collateral review to bring the interval between a lower court decision and a filing of a new petition in a higher court within the scope of the statutory word 'pending.'" Saffold, 536 U.S. at 223. In Evans the court reasoned,

> Six months is far longer than the 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. It is far longer than the 10-day period California gives a losing party to file a notice of appeal in the California Supreme Court. We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6-month filing

> delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending' as interpreted in Saffold."

Evans, 126 U.S. at 201 (internal citations omitted).

Two hundred and thirty three days after the judgment became final, Petitioner filed his first state habeas petition on April 27, 2006. One hundred and thirty two days remained before the statute of limitations ran. The San Diego Superior Court denied his petition on June 26, 2006. Almost six months or one hundred and sixty-five days later, on December 14, 2006, Petitioner filed a petition for writ of habeas corpus in the Court of Appeal. The threshold question is whether during this five and a half month period "a properly filed application for State post-conviction or other collateral review [was] pending." 28 U.S.C. § 2244(d)(2).

Respondent argues that tolling does not apply because he waited too long to file his petition in the subsequent higher state court. Petitioner argues that since the state court accepted his petition and ruled on the merits, his petition was deemed timely and statutory tolling should apply. Contrary to Petitioner's argument, Evans held that a denial on the merits does not render timely his petition timely. See Evans, 546 U.S. at 197-98. Therefore, the Court looks to whether the five and a half month delay is "reasonable."

As discussed above, except for general allegations that he was denied access to the library or that he had limited access to the library, Petitioner has not provided the Court with any documents to support his allegations to demonstrate why a five and a month half delay was "reasonable." See Smith, 297 F.3d at 814. Accordingly, Petitioner should not be entitled to statutory tolling.

       **b.**    **Equitable Tolling**

Petitioner argues that he is entitled to equitable tolling because he was denied access to the law library. He claims he attempted to access the law library during yard time as noticed by the prison and submitted a request to the prison law librarian to access the law library but he was denied. However, Petitioner has failed to provide any documentation to support his assertions.

Equitable tolling applies to AEDPA's one-year statute of limitations. Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court (Kelly), 163 F.3d 530, 540 (9th Cir. 1998). Equitable tolling will

be allowed only if Petitioner demonstrates "extraordinary circumstances" beyond his/her control that make it impossible to file a petition on time. Id. (citing Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir.1997)). Plaintiff bears the burden of showing that equitable tolling applies and must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Raspberry v. Garcia, 448 F.3d 1150, 11 (9 Cir. 2006) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner has not established extraordinary circumstances. First, Petitioner has failed to provide any evidence to support his contention that he was denied access to the library or that he had limited access to the library. Moreover, his claim of limited access to the law library is not sufficient to constitute extraordinary circumstances. Corrigan v. Barbery, 371 F. Supp.2d 325, 330 (W.D.N.Y. 2005) ("In general, the difficulties attendant on prison life, such as transfers between facilities, solitary confinement, lockdowns, restricted access to the law library and an inability to secure court documents, do not by themselves qualify as extraordinary circumstances."); Lindo v. Lefever, 193 F. Supp.2d 659, 663 (E.D.N.Y. 2002). Accordingly, Petitioner is not entitled to equitable tolling. Therefore, since Petitioner is not entitled to statutory or equitable tolling, his petition is untimely.

**B.    Petitioner's Motion for Stay and Abeyance**

Since the Court recommends that Respondent's motion to dismiss be granted based on statute of limitations, the Court recommends that Petitioner motion for stay and abeyance be DENIED as MOOT.

### Conclusion

For the reasons set forth above, the Court hereby recommends that the motion to dismiss be **GRANTED** for failure to timely file his petition. The Court also recommends that Petitioner's motion for stay and abeyance be **DENIED as MOOT**. This Report and Recommendation will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (1988). Any written objections to this Report and Recommendation must be filed with the Court and a copy served on all parties **on or before September 22, 2008.** The document should be captioned "Objections to Report and Recommendation." Any reply to the objections shall be served and filed **on or before October 6, 2008**. The parties are advised that failure to file objections within the

1 | specified time may waive the right to raise those objections on appeal of this Court's order. See Turner

2 | v. Duncan, 158 //

3 | //

4 | F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

5 | IT IS SO ORDERED.

7 | DATED:  August 22, 2008

_____
Hon. Anthony J. Battaglia
U.S. Magistrate Judge
United States District Court